(13 Misc. Rep. 51.)

### SHEFFIELD FARMS CO. v. BURR.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

APPEAL—PARTY AGGRIEVED.

   Where an order is made setting aside an order made in another action appointing a receiver in supplementary proceedings, plaintiff in the action in which the receiver was appointed is not a "party" aggrieved, within Code Civ. Proc. § 1294, providing who may appeal.

Appeal from city court, general term.

Action by the Sheffield Farms Company against William H. Burr. From an order of the city court (32 N. Y. Supp. 1149) affirming an order in supplementary proceedings, Euphemia C. Burr, in whose favor defendant had confessed judgment, appeals. Dismissed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

H. Joseph, for appellant.

William T. Carlisle, for respondent.

BOOKSTAVER, J. The respondent obtained a judgment against the defendant in the city court of New York July 10, 1894. Execution was issued thereon, and returned wholly unsatisfied. Thereafter, and on December 8, 1894, the respondent obtained an order for the examination of the judgment debtor in that action. Under that order his examination was proceeded with on the 15th of that

month, when, at his request, it was adjourned until the 15th of January, 1895, and thereafter to the 21st, when his examination was concluded and filed.    On the day last named the defendant testified that no receiver had been appointed of his property, and the respondent thereupon moved for the appointment of a receiver.    The appellant herein, who is the mother of the defendant, obtained a judgment by confession in the city court on the 9th January, 1895, and such proceedings were thereafter taken by her attorney that on the 14th January, 1895, a receiver was appointed of the defendant's property, with the consent of defendant.    Although proceedings supplemental to execution in this action were then pending, no notice of motion for the appointment of a receiver was given to the respondent, as required by section 2465, Code Civ. Proc.    Afterwards, and on the 28th January, 1895, an order to show cause why the order appointing such receiver should not be vacated and set aside was issued out of the city court, directed to the receiver and to the defendant in that action, but not to Euphemia Burr, the plaintiff therein.    Such proceedings were had on such order to show cause that on the 5th February, 1895, an order was made vacating and setting aside the order of January 14, 1895, made in the Euphemia Burr action.    The order to show cause, as before stated, was not directed to her, nor was it served upon her, nor did she appear in answer thereto.    It is true that the attorney who obtained the judgment for her did appear upon the motion, but, as we understand from the printed papers, on behalf of the defendant William H. Burr.    It therefore follows that the order appealed from was null and void as to her, but as she is not a party to the action in which the order was made, she cannot appeal therefrom to this court, for section 1294 of the Code only provides for an appeal by a party aggrieved.    It is true that section 1296 of the Code provides for an appeal by a person aggrieved who is not a party to the action, but only in case such a person is entitled by law to be substituted in the place of a party, and there is no pretense that the appellant can be substituted in the place of her son, William H. Burr.    Nor can it be contended that, since the making of the order appealed from, she has acquired an interest which would entitle her to be substituted in William H. Burr's place.    But, even if she fell under either of these provisions, she could not even then be heard upon this appeal, for she has not in fact been substituted in the place of the party, as required by the section last cited.    The appeal must therefore be dismissed, with costs.    All concur.